# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BRIAN HUDSON** | * | |
| | * | |
| Petitioner | * | |
| | * | |
| v. | * | **Civil No. 15-00018** |
| | * | (Related to Criminal No. 12-00397) |
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| Respondent | * | |
| | * | |

## MEMORANDUM OPINION

Brian Hudson, *pro se*, has filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. ECF No. 38. The Court has considered the Motion and the Government's Opposition. For the reasons described below, the Court **DENIES** the Motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Between June 2010 and August 2011, Hudson was part of a conspiracy to distribute and possess with intent to distribute five kilograms or more of a mixture or substance containing cocaine. Criminal No. PJM 12-397, ECF No. 14-1 at 1. During his arrest, he rammed several police vehicles with his car, then tried to flee on foot before finally being subdued. *Id.* at 2.

On July 20, 2012, Hudson pled guilty to a one-count Information, charging him with the conspiracy. ECF Nos. 14, 15. Allen Orenberg, Esquire, represented him during the course of plea negotiations and at the plea hearing. ECF No. 38 at 11. On January 3, 2014, Judge Alexander Williams, Jr. of this Court[1] sentenced Hudson to a term of 120 months' imprisonment followed by five years of supervised release. ECF No. 34. Gary Proctor, Esquire, represented Hudson at sentencing. ECF No. 54 at 2:9. Hudson's prison sentence was subsequently reduced to 96 months pursuant to an 18 U.S.C. § 3582(c)(2) motion. ECF No. 59.

---

[1] Upon Judge Williams's retirement, the case was reassigned to the undersigned.

On January 5, 2015, Hudson filed the current 28 U.S.C. § 2255 motion. ECF No. 38. He raises six grounds in support of this Motion:

(1) Orenberg, he says, provided ineffective assistance by poorly advising Hudson as to the impact of the charged drug quantity on his potential sentence and by failing to file appropriate pre-trial motions;

(2) Orenberg also provided ineffective assistance by failing to investigate critical evidence and failing to argue that Hudson was only responsible for a lesser drug amount than the full amount attributed to the conspiracy;

(3) Judge Williams imposed an illegal sentence when he held Hudson responsible for all the foreseeable drug sales of his co-conspirators;

(4) Hudson's plea was not entered into freely and voluntarily because he was misled by Orenberg and acted under duress;

(5) Hudson is actually innocent because the drug amount for which he was held liable was never appropriately established; and

(6) Hudson should not have been sentenced above the mandatory minimum pursuant to *United States v. Alleyne*, 133 S.Ct. 2151 (2013) because a jury did not find him guilty of the drug quantity that enhanced his sentence.[2]

These claims can be grouped into several categories: two relate to ineffective assistance of counsel (Grounds 1 and 2), one alleges that Hudson's guilty plea was unknowing and involuntary (Ground 4), two allege that his sentencing was erroneous because it took into account for drugs sold by his co-conspirators (Grounds 3 and 5), and one claim is that the sentencing court did not abide by *United States v. Alleyne* (Ground 6).

---

[2] The Court notes that Hudson was, in fact, sentenced only to the mandatory minimum sentence. See ECF No. 54 at 7:19-20.

## II. ANALYSIS

### A. INEFFECTIVE ASSISTANCE OF COUNSEL (GROUNDS 1 and 2)

Hudson argues that Orenberg's representation constituted ineffective assistance of counsel with respect to his judgment as to which investigative avenues to pursue, his decision not to file pretrial motions, and his failure to dispute the drug quantity for which Hudson was deemed responsible, precluding Hudson from later obtaining sentencing reductions.[3]

To succeed on a claim of ineffective assistance of counsel, a petitioner must show his or her counsel's performance was below "an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), according to "prevailing professional norms." *Id.* at 686. The errors must be so serious "that counsel was not functioning as the 'counsel' guaranteed" in the Sixth Amendment. *Id.* at 687.

Orenberg's decision not to investigate every possible defense, file certain pre-trial motions or dispute the quantity of drugs charged was not unreasonable. *See Emmett v. Kelly*, 474 F.3d 154, 161 (4th Cir. 2007) ("[*Strickland* does not] impose a constitutional requirement that counsel uncover every scrap of evidence that could conceivably help their client . . .")(quoting *Tucker v. Ozmint,* 350 F.3d 433, 442 (4th Cir.2003)) (internal quotation marks omitted). Furthermore, when examining an ineffective assistance of counsel claim, the Court "examine[s] whether counsel's performance was reasonable under prevailing professional norms . . . with a deferential eye, and [] presumes that challenged acts are likely the result of a sound trial strategy." *Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). The Court finds that Orenberg conformed to the applicable professional norms in negotiating the plea agreement for Hudson.

---

[3] Notably, Hudson did obtain a sentencing reduction pursuant to 18 U.S.C. 3583(c)(2), which reduced his term of imprisonment from 120 months to 96 months. *See* ECF No. 59.

However, even if Hudson were successful in demonstrating error, he must also demonstrate prejudice by a showing that "but for counsel's unprofessional errors, the result of the proceeding would have been different, *Strickland*, 466 U.S. at 694. The alleged unprofessional errors must have resulted in the guilty plea, meaning that absent them, the case would have gone to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Orenberg negotiated a plea deal in which the Government agreed to abandon an enhancement based on Hudson's prior drug conviction, which would have doubled Hudson's mandatory minimum sentence from ten to twenty years.[4] It also avoided a trial at which conviction was highly likely due to the substantial evidence that Government had against him, including a wiretap and a controlled purchase of drugs from him. In addition, Hudson's mandatory minimum sentence was below the U.S. Sentencing Guidelines Manual's range for his offense level and criminal history, meaning that Judge Williams ultimately departed downward in sentencing him – further evidence of lack of prejudice. See ECF No. 54 at 8:13. Finally, Hudson admitted at his plea colloquy that he was satisfied with Orenberg's representation, ECF No. 56-1 22:3, something he cannot casually undo by a contrary statement after the fact. See *United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005).

Given the positive overall results Orenberg achieved, Hudson has failed to demonstrate that Orenberg's assistance was deficient, and, even if it was, that he was in any way prejudiced thereby. The Court rejects Hudson's ineffective assistance of counsel claims.

---

[4] During the plea hearing, Judge Williams pointed out that "as part of the plea negotiations here [] the government has given up whatever right they had to argue that some previous conviction in 2006 would be a predicate offense that would enhance your mandatory minimum from 10 to 20 [years]. ECF No. 14:21-23.

## B. UNKNOWING OR INVOLUNTARY PLEA (GROUND 4)

Hudson says his guilty plea was unknowing and involuntary because he did not understand the substance of the crimes to which he was pleading guilty or the implications of that plea.

A defendant must "voluntarily and understandingly enter[] his plea[] of guilty." *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). However, "in-court representations from the defendant are treated as conclusive with regard to the validity of the plea and may not be controverted later absent some compelling reason . . . " *Savino v. Murray*, 82 F.3d 593, 603 (4th Cir. 1996). In this case, the Court, after answering a question posed by Hudson, asked "[i]s there any unreadiness of anything, because I'm about ready to accept this guilty plea? Do you have anything else you need to bring to my attention?" ECF No. 56-1 33: 13-15. Hudson answered "No, sir." *Id.* at 33:16. The Court then concluded that Hudson's plea was knowing and voluntary.

This exchange with Judge Williams belies any of Hudson's contentions to the contrary. Hudson's claim that his plea was unknowing and involuntary is rejected.

## C. ILLEGAL SENTENCE (GROUNDS 3 AND 5)

Hudson next claims that his sentence was illegal because, in calculating the guideline range, the Court considered the amount of the foreseeable drug sales by the whole conspiracy, without finding that Hudson himself had agreed to make each of the sales. This, he argues, was a necessary finding, suggesting that he should have been liable for a lesser amount.

These claims are procedurally barred. Claims not raised on direct appellate review cannot be heard on collateral review unless a petitioner can show that his failure to raise claims earlier in the process was for cause and that it created actual prejudice. *See U.S. v. Landrum*, 93 F.3d

122, 124-25 (4th Cir. 1996). Collateral attack is not a substitute for appeal. *U.S. v. Frady*, 456 U.S. 152, 165 (1982). While, as was the case here, a petitioner has waived his right to appeal pursuant to a plea agreement, "he is not precluded from filing a petition for collateral review; but he is precluded from raising claims of the sort that *could* have been raised on appeal." *U.S. v. Linder*, 552 F.34, 391, 396-97 (4th Cir. 2009) (citing Brian R. Means, *Fed. Habeas Practitioner Guide,* Jurisdiction ¶ 1.23.0 (2006/2007) (emphasis in original). This particular claim could have been.

Hudson appears to be trying to make out a claim of actual innocence claim, representing that he is innocent of drug sales executed by his co-conspirators that he did not specifically agree to. Despite this, he pled guilty to that full amount. In the plea agreement, the Government outlined that his base offense level was calculated to be 32 "because as least 5 kilograms of cocaine were foreseeable to the Defendant's involvement in the offense." ECF No. 14 at 4. As part of his plea agreement, Hudson agreed to an attached Statement of Facts, including that "[b]etween in or about June 2010, and in or about August 2011, BRIAN HUDSON a/k/a/ "COUNTY ("HUDSON") combined, conspired, confederated and agreed with Philip Whitehurst ("Whitehurst") and others to distribute and possess with intent to distribute 5 kilograms or more of a mixture or substance containing cocaine." ECF No. 14-1. Beyond that, of course, the nature of a conspiracy involving drugs or otherwise is that a co-conspirator is liable for all the foreseeable acts of his co-conspirators, whether he participates or even has actual knowledge of those acts. *Pinkerton v. United States*, 328 U.S. 640, 647, 66 S. Ct. 1180, 1184, 90 L. Ed. 1489 (1946)("[t]hat principle is recognized in the law of conspiracy when the overt act of one partner in crime is attributable to all.); *United States v. Ashley*, 606 F.3d 135, 143 (4th Cir. 2010).

Hudson does not, nor can he argue "cause" or "actual prejudice," based on counsel's supposed failure to challenge the attributed amounts. His claim of actual innocence is groundless. He was part of the conspiracy, even if not the prime mover and, by law, he is responsible for all the foreseeable overt acts his confederates engaged in.

## D. ALLEYNE CLAIM

Finally, Hudson argues that he is entitled to relief pursuant to *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013), which provides that when "[m]andatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury."

*Alleyne* does not apply to this case. The dispositive fact is that Hudson was <u>not</u> sentenced above the applicable mandatory minimum. In addition, contrary to his assertions, the Fourth Circuit has found that the Supreme Court has not made *Alleyne* retroactive "to matters raised on collateral review." *United States v. Surratt*, 797 F.3d 240, 249 (4th Cir. 2015), *reh'g en banc granted* (Dec. 2, 2015); *See also Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *Smith v. United States*, No. CIV.A. PWG-13-3354, 2013 WL 6222988, at *1 (D. Md. Nov. 26, 2013). In his plea agreement Hudson also admitted to the quantity of drugs subjecting him to a mandatory minimum. It was not necessary for a jury to find this as an element of his crime which he admitted. Hudson's *Alleyne* claim is denied.

## III. APPEALABILITY

Rule 11(a) under the Federal Rules Governing 28 U.S.C. § 2255 requires the Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Fed.R.Gov. § 2255 Proc. 11(a). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*,

537 U.S. 322, 327 (2002); *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). The Court has reviewed pleadings and the record in this case. It finds that Hudson has not made the requisite showing here.

## IV. CONCLUSION

For these reasons, Hudson's Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 38 is **DENIED**.

A separate Order will **ISSUE.**


_____/s/_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**May 31, 2017**